UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION ) <br> LOCAL NO. 142 PENSION TRUST FUND, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CLARK MATERIAL HANDLING, INC., ) <br> Defendant. ) | No. 2:09-CV-323 |

## OPINION AND ORDER

Before the Court is Plaintiffs', Trustees of the Teamsters Union Local No. 142 Pension Trust Fund ("Fund"), Motion for Default Judgment against Defendant Clark Material Handling, Inc. ("Clark") [DE 7]. Because Clark has failed to respond to the Complaint or Motion or otherwise enter an appearance, the Fund's Motion for Default Judgment is **GRANTED**.

### I. BACKGROUND

The Fund filed its Complaint in this matter on October 2, 2009 [DE 1]. Service of the Summons and Complaint was made on October 14 [DE 4], and Clark failed to appear, plead or otherwise respond. On November 11, the Fund filed a Motion for Clerk's Entry of Default against Clark [DE 5], which the Clerk subsequently entered on November 13 [DE 6]. The Fund then filed this Motion for Default Judgment on November 17 [DE 7].

The Fund's Complaint alleges that Clark effectuated a complete withdrawal from the Teamsters Union Local No. 142 Pension Trust Fund during the plan year ending June 30, 2009. (Compl. ¶ 10.) The Fund further alleges that, due to the complete withdrawal made in violation of the Collective Bargaining Agreement between the parties, Clark has incurred withdrawal liability in the amount of $47,895.00. (*Id.* at ¶¶ 7, 11.) By a letter dated July 15, the Fund

1

notified Clark of the withdrawal liability amount, and of Clark's obligation to pay quarterly installments beginning September 15, 2009. (Letter to Def., Ex. C [DE 7-5].) Clark failed to make the September 15 payment. (Compl. ¶ 14.) The Fund extended Clark an opportunity to cure the default by making the first quarterly payment due at the later date of September 25, 2009, but Clark remained in default. (*Id. See also* Mot. for Default Judgment [DE 7] at ¶ 12.) As a result of Clark's continued default of the quarterly payments, the Fund initiated the suit that has led to the present Motion for Default Judgment.

## II.  DISCUSSION

### A. DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. Pro. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore *et al.*, Moore's Fed. Prac. ¶ 55.03 (2d ed. 1985)). Because the Clerk has already entered default against Clark in this case, this Court may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Pro.

Civ.3d § 2685 (3d ed. 2007). *See also Am. Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002) (citation omitted).

As the matter here is controlled largely by the Collective Bargaining Agreement between the two parties, there are very few material issues of fact, and seemingly no issues of public importance implicated. Moreover, the default here cannot be said to be a mere technicality, as the Defendant has failed to respond to the complaint or enter any appearance in this matter. Thus, although the amount of money involved here is not insignificant, the factors weigh in favor of a default judgment.

When a court determines that the defendant is in default, all well-pleaded allegations of the complaint will be taken as true. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Here, this means that the Court must take as true Plaintiff's assertion that Clark is liable to the Fund for the withdrawal liability assessment.

"Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted). Federal Rule of Civil Procedure 55(b)(2) provides that a court may hold a hearing or conduct an investigation if necessary to determine the amount of damages, but no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee*, 722 F.2d at 1323. *See also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to

3

recover and to give judgment accordingly.") (citations omitted). As discussed below, the Fund has provided the necessary specificity.

**B.      THE FUND'S DAMAGES**

The Fund bases its alleged $47,895.00 withdrawal liability assessment on a calculation made by the Fund's actuaries, the Segal Company. (Smith Aff. [DE 7-1] at ¶ 6.) The Segal Company's letter to Jay Smith, Fund Manager, calculates the assessment as the "Employer's Share of Unamortized Pools" minus a deductible ($97,895 - $50,000 = $47,895). (Segal Letter and Report, Ex. B [DE 7-4] at 3.) Jay Smith's affidavit, which the Fund attaches as an exhibit to its Motion [DE 7-1], attests to that accounting. (Smith Aff. [DE 7-1] at ¶ 6.)

The Smith Affidavit also attests to the amount of accrued interest, liquidated damages and attorney fees and costs due to the Fund. (*Id.* at ¶¶ 10-12.) In actions to recover delinquent payments under ERISA section 1145, courts are to award not only the unpaid contributions, but also accrued interest, liquidated damages and reasonable attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2) (providing for accrued interest, double interest or liquidated damages, and attorney's fees and costs); *see also Chicago Truck Drivers v. El Paso CGP Co.*, 525 F.3d 591, 604 (7th Cir. 2008) (noting that liquidated damages are "the penalty that the employer pays for forcing a plan sponsor to litigate").

The Collective Bargaining Agreement between Clark and the Teamsters Union Local No. 142 stipulates that "[t]he Trustees of the Fund shall have the sole power" to construe the terms of the Trust Agreement and to determine rights and eligibility to participate, including "methods of enforcement of payment and related matters." (Collective Bargaining Agreement [DE 7-3] at art. 32 § 1.) The Fund's founding document, the Restated Agreement and Declaration of Trust, provides for interest on delinquent employer payments. (Restated Agreement, Ex. E [DE 7-7] at

4

¶ 6.04.) ("An Employer delinquent in making Employer Contributions shall be obligated to pay interest on all moneys due the Trust at such rates as the Trustees shall from time to time determine . . . ."). The Fund's Employer Contribution Collection Policy sets the interest rate at 10% per year. (Collection Policy, Ex. F [DE 7-8] at ¶ 8.) The Smith Affidavit calculates the interest due to be $795.05, based on interest due for two months as against the $47,895 total owed. (Smith Aff. [DE 7-1] at ¶ 10.)

The Fund's Restated Agreement and Declaration of Trust also provides for liquidated damages against a delinquent employer. (Restated Agreement, Ex. E [DE 7-7] at ¶ 6.050.) The Employer Contribution Collection Policy sets the rate for liquidated damages at 20% of the total amount due from the delinquent employer. (Collection Policy, Ex. F [DE 7-8] at ¶ 8.) The Smith Affidavit calculates the liquidated damages to be $9,579. (Smith Aff. [DE 7-1] at ¶ 11.)

**C.     ATTORNEY FEES AND COSTS**

The Fund also seeks $884.62 in attorney fees and costs. Federal courts normally do not order one party to pay the other's attorneys fees. ERISA, however, provides for fee shifting. *See* 29 U.S.C. § 1132(g) "There is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 615-16 (7th Cir. 2009) (quoting *Senese v. Chicago Area I.B. of Teamsters Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001)). A party seeking attorneys fees must present evidence that would demonstrate that its fees are reasonable. *See Stark v. PPM America, Inc.*, 354 F.3d 666, 673-75 (7th Cir. 2004). Whether the amount sought is reasonable is typically a function of the total amount incurred, the number of hours billed by the attorneys working on the case and the generally prevailing market rate for those legal services – *i.e.*, the "lodestar" amount. *See id*. But courts will award attorney fees that are found reasonable on their face. *See Employers and*

*Operating Engineers Local 520 Pension Fund v. Waterloo Services, Inc.*, 2009 WL 3260077, *4 (S.D. Ill. 2009).

The Smith Affidavit attests to the total attorney fees accrued, but does not provide details regarding the "lodestar" amount. But because the amount sought here is relatively low, and the appearance that significant legal work was performed in the way of drafting letters, the complaint and the motion, the Court is satisfied that the legal fees and costs are reasonable. Therefore, the Fund's request for legal fees and costs will be granted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Default Judgment [DE 7]. Defendant Clark Material Handling, Inc. is **ORDERED** to pay Plaintiffs, Trustees of the Teamsters Union Local No. 142 Pension Trust Fund, the withdrawal liability assessment of $47,895, with accrued interest of $795.05, liquidated damages of $9,579.00 and attorneys fees and costs of $884.62; a total sum of $59,153.67. The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: February 2, 2010

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
